Turley, J.
delivered the opinion of the court.
This is a suit in which judgment was rendered in the Circuit Court of Sumner against John Walsh, constable, and-Alfred R. Wynne, James A. Black more, and Joel Parish, his sureties. There is no bill of exceptions, but there is an order made by the Court, that a copy of the constable’s bonds and the proceedings therein be made part of of the record and sent up with the transcript.
In pursuance of this order the Clerk certifies a bond ,to this court, from which it appears that Isaac P. Parker was a co-surety with the plaintiffs in error; he also certifies an order of the County Court of Sumner made at its April term, 1844, by which, on motion it was ordered that Isaac P. Parker be released from his securityship of John Walsh, constable, in district No. 5, whereupon Joel Parish appeared and acknowledg- *419 edged the bond entered into at a former term of thé court by the said John Walsh, Isaac P. Parker, A. R. Wynne and James Blackmore, two objections are now taken to the judgment of the Circuit Court.
1st. That the release by the County Court of Isaac P. Park-' er and the substitution of Joel Parish in his stead, is a release of all the sureties.
2d. That if Parker be still bound as surety there is no judgment against him, which under the decision of this court must reverse the judgment, in as much as a judgment on motion must be against all the sureties.
As to the first objection, we are clearly of opinion that the order of the county court releasing I. P. Parker is a nullity and that he is still a party to the bond, and of course his co-sureties have not been injured by the order.
As to the record it is to be observed, that this court has only held that the judgment must be against the living sureties; if one be dead, steps may be taken by motion upon the bond without noticing him; whether Parker be alive or dead, does not appear from this record.
But there is an unanswerable objection to a reversal of this judgment: — there is no bill of exceptions by which the bond becomes a part of the record, and we cannot therefore notice it. There is an order upon the minutes by which it is directed that the bond and proceedings thereon be made a part of the record, but this will not do; before extraneous matters can become part of the record, it must be examined and authenticated under the hand and seal of the judge; it is a high exercise of judicial power to make extraneous matters part of the record, and if it be not exercised with great care, may be productive of much .mischief. Therefore it is required, that if the extraneous matter be in parol it must be included in a bill of exceptions; if it be in writing, it must be either introduced into or appended to the bill oí exceptions in such a manner as that the authentication of the judge will reach it. Upon what principle then, can a judge make an order that deeds, bonds, notes, deposition &c. shall become a part of the record and leave it to the clerk to certify them and authenticate them? It is his duty *420 to do it himself; much mischief might result from such a practice, and we cannot support it.
If the bond and proceedings thereon had been spread upon the minutes they necessarily having to be signed by the Judge, the bond and proceedings would have been authenticated by him, and the clerk could not possibly make a mistake, in sending them up.
Affirm the Judgment.