Jones *v.* Stockton.

JOSEPH JONES *et al. v.* ISAAC STOCKTON *et al.*

SUPREME COURT PRACTICE. *Bill of exceptions.* An affidavit and a power of attorney used upon the hearing of a rule on the plaintiff's attorney, in an action of ejectment, to show by what authority the suit was brought, cannot be noticed in this court unless embodied in a bill of exceptions or spread on the minutes of the court and authenticated by the judge's signature, although directed in the entry of the order of dismissal to be made part of the record and included in the transcript.

FROM FENTRESS.

Appeal in error from the Circuit Court of Fentress county. D. K. YOUNG, J.

A. V. GOODPASTURE for plaintiffs.

H. R. GIBSON for defendants.

COOPER, J., delivered the opinion of the court.

In this action of ejectment a rule was made upon the plaintiff's attorney to show by what authority the suit was brought. After an extension of the time, and two or three continuances, the court made the rule absolute, being of opinion that the power of attorney filed conferred no authority to prosecute the suit, and gave judgment against the plaintiffs and their sureties on the prosecution bond for costs. The plaintiffs appealed, but filed no bill of exceptions. The entry of judgment concludes with the following words:

"On hearing the motion in this cause, said attorneys of the plaintiffs presented and read the affidavit of Jones & Baker, to the reading whereof the defendants excepted, but the court considered the same, and said power was read also, and said affidavit and power are made a part of the record in this cause, and ordered to be included in the transcript." No affidavit and power appear on the minutes of the court, but an affidavit purporting to be signed and sworn to by Jones & Baker, and a power of attorney purporting to be executed by them, are elsewhere copied into the transcript.

When a cause is dismissed by the circuit judge, the presumption is that there was sufficient evidence to sustain his action, and it is incumbent upon the party objecting to furnish the means of determining whether the court below erred or not: *Kincaid* v. *Bradshaw*, 6 Baxt., 102. The proper mode of doing this is by a bill of exceptions: *Id.*; *Luster* v. *Ball*, 6 Baxt, 93. Even where a bill of exceptions is made out, affidavits and other documents relied on must be embodied therein, otherwise they cannot be noticed, although copied into the transcript: *Stewart* v. *State*, 7 Cold., 338. If an affidavit or other paper acted on by the lower court be entered upon the minutes of the court and signed by the judge, it has been said that this court would notice it, as it certainly will any recital of facts in an entry thus signed. The reason is, that the judge thereby authenticates the fact or the paper precisely as if it had been embodied in a bill of exceptions signed by him. But

a mere reference to a document in an entry signed by the judge is not sufficient.    In *Wynne* v. *Edwards,* 7 Hum., 418, there was an order on the minutes of the court, signed by the judge, directing that a constable's bond and the proceedings therein in the county court be made a part of the record, and they were copied into the transcript, but this court refused to notice them.    The court said: "Before extraneous matter can become part of the record, it must be examined and authenticated under the seal of the judge. * * Upon what principle, then, can a judge make an order that deeds, bonds, notes, depositions, etc., shall become a part of the record, and leave it to the clerk to certify them and authenticate them? It is his duty to do it himself.    Much mischief might result from such a practice, and we cannot support it." The court suggested that if the bond and proceedings had been spread upon the minutes, the signature of the judge would have authenticated them.    This distinction was kept up in *Weakley* v. *Pearce,* 5 Heis., 415.    We know of no ruling to the contrary.

Affirm the judgment.