RAYMOND JOHNSON

*v.*

STATE OF TENNESSEE

(*Knoxville,* September Term, 1956.)

Opinion filed December 7. 1956.

FRANK L. FLYNN and H. O. POLLARD, Knoxville, for plaintiff in error.

NAT TIPTON, Advocate General, for defendant in error.

12

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant, Raymond Johnson, was convicted for the offense of sodomy with punishment fixed at five years in the State Prison.

At the time of the commission of the alleged offense the defendant, Johnson, was seventeen years of age and his victim was a seven year old boy. The parents of the little boy both worked and he was in charge of his aunt as a baby sitter when the alleged offense was committed.

The little boy testified that the defendant offered him 50c to permit him to penetrate his rectum and that when he accepted the defendant took him to a thicket, and there accomplished his purpose.

A Mrs. Manuel, who lived in the community, testified that she heard voices coming from the direction of where this child said that the incident occurred. She said that she saw defendant come out of this thicket followed by the child, and that the latter seemed to have difficulty in walking. She saw defendant go into a small store, which the records show he owned an interest in, or worked in, come out and hand something to the child.

The child spent some of the money for candy and cakes and the baby sitter made inquiry as to where he got the

money to pay for these luxuries. Finally his father came home and the child admitted the source of his income, thereupon his father examined him and found bruised conditions at the point of entry. The child testified that he had been home from fifteen to twenty minutes and he states that he told them of the incident a short time thereafter.

The defendant denied making the assault on the boy, however, his principal insistence is that the prosecution was sponsored by one Hill in revenge for the prosecution of Hill's son by defendant's sister for a similar offense upon her small child.

 From the above statement we cannot say that the evidence preponderates in favor of the innocence of the defendant and against his guilt. The little boy seemed to relate a rather straightforward story and he was corroborated by the testimony of the witness Mrs. Manuel.

 The defendant insists that it was error for the lower court to allow in evidence the details of his complaint made to his father less than an hour after the occurrence.

 It seems that we have no cases in this State upholding the admissibility of such complaints in cases of this character. Yet, it is well settled that in criminal assault cases the details of such are admissible when made within a reasonable time thereafter. See *Phillips v. State,* 28 Tenn. 246; *Hill v. State,* 73 Tenn. 725; *Curtis v. State,* 167 Tenn. 430, 70 S.W.2d 364.

The State in its brief states that the only authority directly in point is *Soto v. Territory,* 12 Ariz. 36, 94 P. 1104, holding that the details of the complaint are admissible.

█ It is also urged that this case should be reversed for newly discovered evidence.

This ground cannot be considered because the affidavits were attached to the motion for a new trial only, and it does not appear that they constituted all the evidence heard on the motion for a new trial. *Odeneal v. State,* 128 Tenn. 60, 157 S.W. 419.

We have considered all the assignments of error, find they are without merit, and are overruled.