ROBERT L. BALDWIN

*v.*

STATE OF TENNESSEE.

(*Nashville,* December Term, 1958.)

Opinion filed April 8, 1959.

WILLIAM C. SUGG and FRED I. WOMACK, Fayetteville, for plaintiff in error.

JAMES M. GLASGOW, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from the Criminal Court of Lincoln County from a conviction, and sentence to the State penitentiary of Robert L. Baldwin, on the charge of having

carnal knowledge of a female over the age of 12 years and under 21 years. The appeal is solely upon the technical record.

Immediately following the trial and conviction of the defendant, a motion for a new trial was seasonably made and overruled. An appeal was perfected by the execution of a proper bond. No bill of exceptions was ever tendered the trial judge, and, of course, none was signed and authenticated by him. After the lapse of time allowed by the court for filing such bill of exceptions, the trial judge revoked the appeal bond and ordered that the defendant be taken in custody and committed to the State penitentiary, which order was duly complied with.

Thereupon the defendant filed a petition, addressed to the Chief Justice, seeking writs of *certiorari* and *supersedeas* on the ground that the action of the trial judge was illegal and void because he had lost jurisdiction of the case. Upon a full hearing of counsel and the Assistant Attorney General, the contention of the defendant was upheld and the writ of *supersedeas* was issued and the defendant released from the penitentiary. We now have the case on direct appeal with assignments of error.

■ The sole question for determination is whether or not certain affidavits, which were filed in support of the defendant's motion for a new trial, *are a part of the technical record*. These affidavits relate to the misconduct of the Sheriff. The substance of these affidavits is that after the jury was sworn to try the case the Sheriff entered the jury room, conversed with individual jurors and made prejudicial statements about the defendant to this effect, "that he had been mixed up in trouble like this before" and that "he should be in the penitentiary."

Some time after the record was filed with the Clerk of this Court, and after it had been set down for argument (March 21, 1959) the trial judge filed an affidavit, which reads as follows:

"I hereby certify that the affidavits of jurors filed by the defendant, Robert L. Baldwin, as exhibits to his motion for new trial were all the evidence introduced before me on the hearing of his motion for new trial.

"This the 8th day of March, 1959.

/s/ Robert S. Brady

Judge"

The same was duly verified before the Clerk of the Circuit Court.

■ The Assistant Attorney General has moved the Court to strike the aforesaid affidavit of the trial judge on the ground that he was without any legal authority to file it, because he lost jurisdiction of the case when the defendant perfected his appeal to this Court. Contention is made by the State that this is an effort to amend the record, and especially the motion for a new trial after the defendant's appeal had been granted and perfected.

■ Excepting the affidavit of the trial judge, the record fails to show that the exhibits to the motion for a new trial were all the evidence introduced on the motion for a new trial.

We think the motion to strike the affidavit of the trial judge must be sustained. It is regrettable that the technical record is not accompanied with a proper bill of exceptions. The affidavit of Juror Albert Buntley, filed as an exhibit to the defendant's motion for a new trial, the substance of which we have referred to, was extreme-

ly prejudicial. But we cannot consider it in the absence of a bill of exceptions. "A motion for a new trial is a pleading and does not take the place of a bill of exceptions." *Koehn v. Hooper,* 193 Tenn. 417, 246 S.W.2d 68. In that case certain "special requests" by defendant's counsel were copied in the motion for a new trial, and it was contended that it was error not to consider them. In response to this insistence it was said:

"To refute this insistence, all that is necessary is to quote with approval, the last edition of Caruthers' History of a Lawsuit, which considers the Act of 1945, and states the present rule of practice to be: '*A motion for a new trial is a pleading, and is not evidence of what occurred on the trial.*' "

While the motion for a new trial is a part of the technical record as provided by Code Section 27-112, T.C.A. (Public Acts of 1945), yet it is held in *Wileman v. Mayor,* etc., 29 Tenn.App. 172, at page 178, 195 S.W.2d 325, at page 327, "To determine whether any ground of the motion (for a new trial) should have been sustained, the evidence must be preserved by a bill of exceptions." (*Certiorari* denied). In *Broestler v. State,* 186 Tenn. 523, 212 S.W.2d 366, 368, the Court holds: "The evidence in a case forms no part of the technical record." The statute (sec. 27-112, T.C.A.) upon which the defendant relies, does not require that a motion for a new trial, or any exhibit thereto, be considered as evidence in the case.

It has been the rule in this Court for many years that a bill of exceptions to become a part of the record must be complete in every particular, including all the evidence in the case and the ruling of the trial judge

upon every controversial issue. When it is once signed and thus authenticated no one may take anything from it or add to it.

"To have the rule to mean less or more is to make it mean nothing. If it can be added to for one purpose, it can be for all purposes. If it (the bill of exceptions) may be amended in one particular, it may be in every. And so the entire bill of exceptions could be, and often would be, changed throughout." *Cosmopolitan Life Ins. Co. v. Woodward*, 7 Tenn.App. 394, 409.

In this case the Clerk of the Circuit Court undertook to supply certain exhibits to the evidence and the record after the same had been signed by the Special Judge and supported by the latter's affidavit, to the effect that they were considered on the trial and were inadvertently omitted from the bill of exceptions. The right to file such affidavits was rejected on the authority of *Shelby County v. Bickford*, 102 Tenn. 395, 52 S.W. 772, 775, the Court speaking, as follows:

"* * * Even the trial judge cannot, after appeal, amend and insert in the bill of exceptions omitted recitals, though parties agree to its being done. *Kennedy v. Kennedy*, 16 Lea, 736. The effort here is, by affidavits filed in this court, to supply the bill of exceptions and incorporate into the record here evidence which was never made a part of the record in the court below. This practice is vicious in itself, contrary to established rules, and would lead to harmful results in the future."

We feel that the foregoing authorities are conclusive of the question made on the State's motion to strike the affidavit of the trial judge from the record. But addi-

tional authority is found in *Hayes v. State,* 130 Tenn. 661, 172 S.W. 296, wherein complaint was made about the misconduct of the jury on the motion for a new trial. It was held that the point could not be considered because the bill of exceptions did not show that it contained all the evidence in the case. In a recent case *Johnson v. State,* 201 Tenn. 11, 296 S.W.2d 832, 833, contention was made that the case should be reversed because the trial judge erred in not granting a new trial because of newly discovered evidence. This contention was overruled on the ground that "the affidavits were attached to the motion for a new trial only, and it does not appear that they constituted all the evidence heard on the motion for a new trial. *Odeneal v. State,* 128 Tenn. 60, 157 S.W. 419."

It is earnestly and persuasively argued by defendant's counsel in considering the affidavits attached to the motion for a new trial: "On their face they show that nothing could be added to them by incorporating them in a bill of exceptions."

Conceding that this argument of counsel is meritorious as applicable to the case at bar we are not privileged to make an exception to the general rule to which we have adhered to for many years. For us to do so would wreck the rule relating to appellate practice and procedure in that other exceptions would be insisted upon from time to time with the result that no record could be considered as complete in any case.

The assignments of error are overruled, and the judgment of the trial court is affirmed.