**William MORRIS, Jr., Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Oct. 7, 1975.

Certiorari Denied by Supreme Court
Dec. 30, 1975.

Richard B. Gossett, Chattanooga, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Stephen M. Bevil, Thomas J. Evans, Asst. Dist. Attys. Gen., Chattanooga, for defendant-in-error.

## OPINION

GALBREATH, Judge.

For reasons discussed below we overrule at the outset assignments of error in this appeal challenging the sufficiency of the evidence. Although the defendant denied the acts upon which his prosecution was based, it is axiomatic that when facts are in dispute it is the prerogative of the jury to resolve the issues and that a reviewing court will not disturb a finding of fact by a jury unless the evidence preponderates against it. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173.

The plaintiff in error contends further in this appeal from his conviction for an attempt to commit sodomy (crime against nature) that the 13 year old boy who related the sordid details he described as an attempt to "rape" him was an accomplice. He was not, according to credible proof adduced for the consideration of the triers of fact, which included accounts of how the defendant accosted the boy as he was leaving a store in Chattanooga, promised him money, bought him ice cream, took him to his home, undressed, pulled the child's pants and underwear off, told him to lay down on a bed and open his legs, and then attempted unsuccessfully to, as the lad put it, "stick his private up my leg". Due to pain occasioned by the attempt, the boy testified, the defendant went into another room to get a lubricant and he fled from the house leaving his pants and underwear behind. The boy was observed going into the house with the defendant by a neighbor, who also saw the little boy run out without his pants on later. This witness gave the child a ride home and was told upon inquiry that "the guy had tried to rape him". The boy repeated this to his mother upon reaching home and to a Chattanooga police officer who investigated a prompt complaint.

All of the above detailed evidence establishes to our satisfaction that the boy was not an accomplice, but was a victim.

Even if the youth had been persuaded by the kind treatment of the defendant to permit the act attempted, there is ample corroboration of the victim's testimony in the record, not the least of which was the testimony of the neighbor who saw the boy running away from the defendant's home without his pants.

Also, corroborative of the principal witness's testimony are accounts of statements made to others as soon as possible after the assault. Objections to the testimony of the neighbor, mother and policeman as to the complaint made by the boy were properly overruled. Such a "hue and cry" following a sexual attack are generally admissible as exceptions to the rule against hearsay evidence. *Johnson v. State*, 201 Tenn. 11, 296 S.W.2d 832. The exception is elaborated upon in an opinion by Judge Oliver of this Court in *Klaver v. State*, Tenn.Cr.App., 503 S.W.2d 946.

"Quite apart from the rule of *res gestae*, a separate and equally recognized exception to the hearsay evidence rule is that in a prosecution for a sex crime it may be shown by testimony of the prosecutrix or victim or by that of some other witness that she made complaint of the crime shortly after its alleged commission. Under this special exception to the hearsay rule, such a declaration is regarded only as corroborative of the testimony

of the victim, and not as original evidence of the crime charged."

■ Defendant also complains that he was not furnished a verbatim transcript of his one day trial before preparation of his motion for a new trial in order that further errors might have been discovered and raised in that motion. Request for this transcript was made after the running of the original period allowed for the filing of this motion. The trial attorney is the same attorney presenting this appeal, and after the filing of the transcript no showing was made as to how its lack prejudiced his client's rights. (The original motion for new trial was timely filed and heard, and at the hearing additional time granted for an amended and supplemental motion, which supplemental motion included two errors— the denial of the transcript and the alleged systematic exclusion of women from juries.)

■ The defendant has made no showing of a particular need for the transcript, and it has been consistently held that indigent defendants need not be furnished one merely for a "fishing expedition". Judge Duncan discusses this at length in the as yet unpublished case of *David L. Summerville v. State*, Hamilton County, (February, 1975), citing the same factors considered in *United States v. Banks*, 369 F.Supp. 951 (M.D.Pa., 1974), and concluded:

"Applying the above factors to the case sub judice, we find all of the principles to be the same; the trial was a short one-day trial; no useful purpose for either the trial transcript or of the videotape is shown, nor does defendant's counsel allege in his motions any need for same; and no likelihood of a dispute between counsel, which would need to be resolved at that juncture, is shown."

"Clearly, the trial judge was correct in denying these motions, and committed no error in these respects."

■ Lastly, defendant complains that the jury panels in Hamilton County systematically excluded women. Defendant failed to raise this allegation by plea in abatement and thus has waived the alleged violation of his rights. See *State ex rel. Henderson v. Russell*, 3 Tenn.Cr.App. 204, 459 S.W.2d 176, and *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235; *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), relied on by defendant, has specifically been held to be prospective only. *Daniel v. Louisiana*, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975).

All assignments of error are overruled and the judgment affirmed.

WALKER, P. J., and DUNCAN, J., concur.