Lincoln O. BURNETT, Larry Graves and Jim Bob Scruggs, Petitioners,

v.

M. A. NELMS and Ann H. Nelms, Respondents.

Supreme Court of Tennessee.

Dec. 19, 1977.

Harold W. McLeary, Jr., Lloyd S. Adams, Jr., Adams, Ryal & McLeary, Humboldt, for petitioners.

James D. Senter, III, Senter & Senter, Humboldt, for respondents.

## OPINION

COOPER, Justice.

We granted this petition for certiorari to consider whether the respondents are entitled to a new trial as a result of an allegedly false answer given by a juror to a question asked him on voir dire.

This question has arisen in connection with a suit for personal injuries and property damage. On November 22, 1971, a car driven by the respondent, Ann Nelms, was struck by several bales of cotton that fell from a truck. The truck was owned by petitioner Larry Graves, and, at the time of the accident, was being driven by Lincoln Burnett, an employee of petitioner Jim Bob Scruggs. The respondent brought this action to recover for the injuries that she suffered and for the damage to the car. The trial judge directed a verdict on behalf of Graves, and the jury returned a verdict in favor of the other two defendants. In her motion for a new trial, the respondent contended, inter alia, that one of the jurors, J. V. Butler, was incompetent to hear the case. In support of her motion, the respondent presented affidavits to the effect that, on voir dire, the jurors had been asked by counsel for the respondent: "Do any of you work for an insurance company or are you an insurance agent or own stock in any insurance company?" Butler remained silent, although he possessed a license to sell insurance. The motion was overruled. On appeal, the Court of Appeals held that, in light of his false answer to this question, Butler's presence on the jury was so prejudicial to the respondents as to demand a new trial.

There is some confusion as to the precise wording of the question that was

asked of the prospective jurors by counsel for the respondent. As recorded in the bill of exceptions, the question posed was:

Do any of you work for a—any insurance company or do you own any stock in any insurance company?

In an affidavit filed in support of respondents' motion for a new trial, the court reporter certified that the question asked was:

Do any of you work for any insurance company or are you an insurance agent or own stock in any insurance company?

It was the latter version of the question that the Court of Appeals accepted, and it was Butler's arguably false answer to that question upon which they predicated their holding. In this, the court below was in error. The version of the question that must be accepted on appeal is that recorded in the bill of exceptions. The transcript of the proceedings contained in the bill of exceptions is conclusive as to matters properly included in it, and may not be contradicted by affidavits submitted in support of a motion for a new trial. *See Baldwin v. State*, 204 Tenn. 639, 325 S.W.2d 244 (1959); *Koehn v. Hooper*, 193 Tenn. 417, 246 S.W.2d 68 (1952); *Parrish v. Yeiser*, 41 Tenn.App. 690, 298 S.W.2d 556 (1955).

■ Juror Butler's response to the question posed by counsel for the respondent, as that question is preserved in the bill of exceptions, was completely accurate. It is undisputed that, at the time of the trial, Butler was not employed by an insurance company. There is no indication in the record that he owned stock in any insurance company. The mere fact that Butler possessed a license to sell insurance, absent any showing that he attempted to conceal the same, is not such an indication of bias as to imply that Butler's presence on the jury was prejudicial to the respondents. *Cf. Durham v. State*, 182 Tenn. 577, 188 S.W.2d 555 (1945).

The judgment of the Court of Appeals is reversed, and the case dismissed. The costs incident to this appeal will be taxed to the respondents.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.