**James C. KRAUSE, Huey C. Krause, Petitioners,**

**v.**

**Jackie D. TAYLOR, Administrator of the Estate of Glenn D. Taylor, Deceased, Respondent.**

Supreme Court of Tennessee.

June 25, 1979.

Campbell Smoot, Haynes, Hull & Smoot, P.A., Tullahoma, for petitioners.

Marvin E. Gordon, Shelbyville, for respondent.

## OPINION

FONES, Justice.

After a jury verdict for all defendants in this wrongful death action, plaintiff filed a motion for new trial and later an amended motion for new trial. One of the grounds relied upon in the original motion was that juror Bert Lee had falsely answered that he had never been a plaintiff or a defendant in any court, when in fact he had been indicted, tried and acquitted in a proceeding in the United States District Court, Eastern District of Tennessee. The amended motion for new trial asserted that juror Bert Lee was ineligible and incompetent to serve as a juror because he had been tried on a two-count indictment in the United States District Court, Middle Division of Tennessee and convicted of violating 18 U.S.C. §§ 495, 1341 (1970).

The trial judge overruled plaintiff's motion for a new trial as to defendants James and Huey Krause, without comment on any of the grounds asserted by the plaintiff. A new trial was granted as to defendant Steve Noble, also without comment, but obviously not on the ground that Bert Lee was an incompetent juror.

Two members of the Court of Appeals panel reached the result that juror Lee was disqualified and that plaintiff was entitled to a new trial as to defendants James and Huey Krause, but for different reasons. The third member of that Court held that the federal conviction was in "another jurisdiction" and thus no infamy judgment under the Tennessee statute, relying upon *Burdine v. Kennon*, 186 Tenn. 200, 209 S.W.2d 9 (1948), and that the only portion of the federal court proceeding that appeared in this record failed to establish clearly that juror Lee was convicted of a crime within the scope of the Tennessee infamy statute. In addition, the dissenting member of the Court of Appeals observed that where the juror was not questioned about the federal court cases and there was no showing of prejudice to plaintiffs resulting from his failure to disclose voluntarily those facts, the granting or denying of a new trial was discretionary with the trial judge.

Because of a deficient record, we are unable to reach the merits of the issues of whether or not Bert Lee was an incompetent juror, and, if so, whether a new trial was mandated, under the facts of this case.

■ Juror Lee was not asked on *voir dire* if he had been indicted or convicted in any court, presumably because none of the litigants or lawyers was aware that someone named Bert Lee had been indicted, tried

and found *not guilty* of several offenses in a proceeding in the United States District Court for the Eastern Division of Tennessee in 1969, and tried and convicted in the United States District Court for the Middle Division of Tennessee in September 1970. To raise the issue of juror Lee's alleged incompetence on the motion for new trial, it was incumbent upon the plaintiff to prove (1) a federal court conviction of a crime falling within the Tennessee infamy statute and (2) that the person convicted was the same person as the juror alleged to be incompetent.

The bill of exceptions, authenticated and filed in this case, contains no evidence whatever on either one of those two requisite factual issues.

The motion for new trial and the amended motion for new trial are in the technical record. Plaintiff attached to his original motion an indictment filed July 8, 1969, in criminal action no. 1461 in the United States District Court, Eastern District of Tennessee, styled *United States of America v. Bert Lee* and an order of acquittal. He attached to his amended motion for new trial an order filed October 6, 1970, in action no. 14584 in the United States District Court, Middle Division of Tennessee, styled *United States of America v. Bert Lee*, reciting that upon a plea of not guilty and a jury verdict of conviction of violating 18 U.S.C. §§ 495, 1341 (1970), defendant was sentenced to three years on each of two counts, to run concurrently, and suspending all but forty-five days of said sentence.

■ When any ground relied upon for a new trial is predicated upon facts that were not adduced upon the trial of the cause, they must be put in evidence upon the hearing of the motion for new trial, subject to the same rules that prevail at trial. Likewise, such evidence that is adduced at the hearing of the motion for new trial must be preserved and included in the bill of exceptions, subject to the same rules that apply to the evidence adduced at trial itself.

■ Tennessee Rules of Civil Procedure 44.01 provided the methods of authen-

tication of official records for use as *evidence* when admissible for any purpose. All evidence, whether presented at trial or in support of a motion for new trial, and whether testimony of witnesses vive voce, affidavits, depositions or official records, must be incorporated in a bill of exceptions to be considered on appeal. A single exception to this rule is noted below in discussing *Jones v. Stockton*, 74 Tenn. 133 (1880). The inclusion in the technical record of affidavits and documentary evidence such as official records of proceedings in federal court does not preserve such evidence for consideration on appeal. In *Jones v. Stockton, supra*, the trial court's judgment, adverse to plaintiff, recited that an affidavit and a power of attorney had been read and considered by the Court and that "said affidavit and power are made a part of the record in this cause, and ordered to be included in the transcript." 74 Tenn. at 134. Those documents were copied into the transcript on plaintiff's appeal, but the Court held that it could not consider that evidence unless it was (1) embodied in the bill of exceptions or (2) incorporated into an order or decree signed by the trial judge and entered upon the minutes of the trial court. The Court's reason for considering documents or other evidence not in the bill of exceptions but thus authenticated by the trial judge was stated as follows:

> "If an affidavit or other paper acted on by the lower court be entered upon the minutes of the court and signed by the judge, it has been said that this court would notice it, as it certainly will any recital of facts in an entry thus signed. The reason is, that the judge thereby authenticates the fact or the paper precisely as if it had been embodied in a bill of exceptions signed by him. But a mere reference to a document in an entry signed by the judge is not sufficient." 74 Tenn. at 134–35.

The Stockton Court cited and quoted with approval from *Wynne v. Edwards*, 26 Tenn. 418 (1846). In *Wynne* there was an order signed by the trial judge directing that certain documents be made a part of the record, which was done, but the Court refused to notice them on appeal, saying:

"[B]efore extraneous matters can become part of the record, it must be examined and authenticated under the hand and seal of the judge; . . . . Upon what principle, then, can a judge make an order that deeds, bonds, notes, deposition, etc., shall become a part of the record, and leave it to the clerk to certify them and authenticate them? It is his duty to do it himself; much mischief might result from such a practice, and we cannot support it." 26 Tenn. at 419–20.

*Baldwin v. State*, 204 Tenn. 639, 325 S.W.2d 244 (1959), involved an affidavit of a juror filed as an exhibit to the defendant's motion for new trial, which appeared in the technical record, but not in a bill of exceptions. In rejecting consideration of the affidavit the Court cited and relied upon *Koehn v. Hooper*, 193 Tenn. 417, 246 S.W.2d 68 (1951); *Broestler v. State*, 186 Tenn. 523, 212 S.W.2d 366 (1948); *Hayes v. State*, 130 Tenn. 661, 172 S.W.2d 296 (1914); *Shelby Co. v. Bickford*, 102 Tenn. 395, 52 S.W. 772 (1899). The *Baldwin* Court also cited with approval *Odeneal v. State*, 128 Tenn. 60, 157 S.W. 419 (1913), wherein the testimony of witnesses, presented on a motion for new trial, was not considered on appeal because the bill of exceptions failed to show that it contained all of the evidence offered on the motion for new trial. To the same effect is the more recent case of *Johnson v. State*, 201 Tenn. 11, 296 S.W.2d 832 (1956).

Chief Justice Neil, writing for the Court in *Baldwin*, summarized the rationale that dictates adherence to the rules requiring evidence to be preserved in a Bill of Exceptions as follows:

"It has been the rule in this Court for many years that a bill of exceptions to become a part of the record must be complete in every particular, including all the evidence in the case and the ruling of the trial judge upon every controversial issue. When it is once signed and thus authenticated no one may take anything from it or add to it.

'To have the rule to mean less or more is to make it mean nothing. If it can be added to for one purpose, it can be for all purposes. If it (the bill of exceptions) may be amended in one particular, it may be in every. And so the entire bill of exceptions could be, and often would be, changed throughout.' *Cosmopolitan Life Ins. Co. v. Woodward*, 7 Tenn.App. 394, 409." 204 Tenn. at 643–44, 325 S.W.2d at 246.

Also in *Baldwin*, the argument was made, that could be made herein, to wit, that from the fact of the affidavit (federal court record herein) it is apparent, " 'that nothing could be added to them by incorporating them in a bill of exceptions.' " 204 Tenn. at 645, 325 S.W.2d at 247. Responding, Chief Justice Neil said:

"Conceding that this argument of counsel is meritorious as applicable to the case at bar we are not privileged to make an exception to the general rule to which we have adhered to for many years. For us to do so would wreck the rule relating to appellate practice and procedure in that other exceptions would be insisted upon from time to time with the result that no record could be considered as complete in any case." 204 Tenn. at 645, 325 S.W.2d at 247.

*See also, e. g., Driscoll v. State*, 191 Tenn. 186, 232 S.W.2d 28 (1950); *Mitchell v. State*, 3 Tenn.Cr.App. 494, 464 S.W.2d 307 (1971); *Letner v. State*, 512 S.W.2d 643 (Tenn.Cr. App.1974).

The rules of practice pronounced in the cases cited herein were not changed or altered by the adoption of Rule 43.05 or Rule 59, T.R.C.P.

Further, to reach the issue urged by plaintiff we would have to assume, without any proof whatsoever, that juror Bert Lee was the same Bert Lee who was named as a defendant in the records from the United States District Courts appearing in the transcript. For the reasons stated, we cannot indulge any such assumption.

The judgment of the Court of Appeals is reversed and that of the trial court affirmed. Costs of this appeal are adjudged against plaintiff.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.