STATE of Tennessee, Appellee,

v.

Danny HUNT, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 25, 1984.

James R. Omer (on appeal), Nashville, John Wesley Jones (at trial), Gallatin, for appellant.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, C. Wayne Hyatt, Dist. Atty. Gen., Gallatin, for appellee.

## OPINION

DWYER, Judge.

A jury convicted, appellant of possessing cocaine, a Schedule II controlled substance, with intent to sell and possessing marijuana, a Schedule VI controlled substance. The punishment was set at imprisonment for not less than six nor more than ten years on the cocaine conviction and thirty days confinement on the marijuana conviction. The sentences were ordered to be served concurrently.

Appellant has challenged the sufficiency of the evidence to support the conviction for possession of cocaine with intent to sell. With this in mind, we will narrate the evidence.

In February of 1982, the Sumner County Sheriff's Department borrowed an undercover officer named Ron Parker from the Gallatin Police Department in order to make a drug buy from the appellant. Detective Parker was given money to make the purchase and directed to contact a John Maynard. Mr. Maynard introduced Parker to a Dennis Hannah. The three men proceeded to appellant's home on High Cliff Drive in Sumner County. Appellant had known Hannah for several years and asked him to come by himself. Hannah was let out near appellant's home and returned in a few minutes with a plastic bag containing a white powder later identified as cocaine. Parker examined the contents and gave Hannah the agreed price of $1,150. The money was in twenty dollar bills except for one ten dollar bill. Hannah showed the agent a small .25 caliber pistol. While they

were examining the substance, appellant drove by in a pick-up truck. Hannah took the money to appellant's home and paid him $1,050, keeping $50 for himself and $50 for Maynard. The trio drove from the scene and stopped at a grocery store, where Parker managed to alert the police. The men were arrested in short order, and the controlled substance was recovered from Parker.

A warrant was obtained to search appellant's home. Officers uncovered more cocaine, marijuana, a roll of twenty dollar bills in the amount of $980, a .25 caliber pistol resembling the one Hannah had shown Parker, and an assortment of drug paraphernalia.

A forensic chemist testified for the State that the white powder recovered from Parker consisted of 13 grams of 34 percent pure cocaine. The contraband recovered from appellant's residence included 5.56 grams of 62 percent pure cocaine, 2.4 grams of 34 percent pure cocaine, and 10.9 grams of marijuana.

The appellant, testifying in his own behalf, related that he sold the cocaine to Hannah as a favor and made no profit from the deal. He admitted being a cocaine user but denied being a drug dealer. He stated that the contraband found at his residence was for his own personal use.

Appellant challenges the sufficiency of the evidence to support the cocaine conviction on the ground that there was no proof that he intended to sell the substance. With proof that appellant transferred 13 grams of cocaine to Hannah in return for money and that he possessed an additional 7.96 grams of cocaine in his home, the jury could infer that appellant possessed the controlled substances with the intent to sell. T.C.A. § 39–6–417(a)(2). Appellant also urges that the evidence fails to show that he made a profit from the sale. No such evidence is required. *See* T.C.A. § 39–6–417(a)(1)(B). The jury by its verdict obviously accredited Hannah's testimony that appellant sold him the contraband. The evidence amply meets the requirements of T.R.A.P. 13(e). This issue is overruled.

In his second issue, appellant attacks the sufficiency of the affidavit filed by Officer Parker in support of his request for a search warrant. He argues that there was no probable cause to believe that the criminal activity was then taking place because no time period was specified in the warrant. He further contends that the reliability of the informant was not established.

Officer Parker testified at the suppression hearing that he filed the affidavit in support of the search warrant after the police picked him up along with Hannah and Maynard. Although he did not personally know the informant, he called Officer Donnie Gillespie in Nashville in order to ascertain the informant's reliability. Parker stated in the affidavit that he observed the following:

"Dennis Hannah coming from the above described premises and then at the end of the driveway to the above described premises, this affiant received from Dennis Hannah a plastic bag containing a white substance, sold to this affiant as cocaine. This affiant then gave Dennis Hannah $1,150.00, the agreed price and said money was given to Hannah all in twenty dollar bills, with the exception of one ten dollar bill. Hannah then went back up the driveway of the above described premises and returning (sic) a short time later. Lt. George Farmer of the Sumner County Sheriff Department field tested the said white substance and said test proved positive for cocaine.

"Furthermore, this affiant was told by a police informant that said informant was inside of the above described premises within the past 72 hours and while there saw Danny Hunt in possession of at least an ounce of a white substance, known to the informant as cocaine. This affiant talked to Donnie Gillespie of Metro Police's Vice Squad and Gillespie stated to this affiant that the above informant has given him information on several occasions and Gillespie has personally

checked said information and said information had lead (sic) to some arrests."

■ With the statement in the affidavit that the informant saw at least an ounce of cocaine on the premises to be searched within the past 72 hours, the affidavit is sufficient with regard to specificity of time. *State v. McCormick*, 584 S.W.2d 821, 822 (Tenn.Cr.App.1979). As to the question of the informant's reliability, the proper standard for evaluating the affidavit is found in *Illinois v. Gates*, —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), in which the Supreme Court abandoned the two-prong test established in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1963) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). In its stead, our highest court has brought into play the "totality of the circumstances analysis". The court described the issuing magistrate's duty in this manner:

> "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." 103 S.Ct. at 2332.

■ The affidavit informed the magistrate that the affiant, a police officer, personally observed Dennis Hannah coming from the end of appellant's driveway; that he received from him a white substance which a field test identified as cocaine; that he paid Hannah the agreed price and that Hannah then went back up appellant's driveway. Coupled with this was the informant's statement that he had observed at least an ounce of cocaine on appellant's premises within the past 72 hours. Officer Gillespie told the affiant that the informant had given him information on several occasions which had led to arrests. Viewing all of these circumstances in a common-sense manner, we find that there was sufficient information before the magistrate to support his finding of probable cause to issue the search warrant. This issue is overruled.

■ The appellant contends that the trial court erred by not charging the jury with regard to casual exchange. T.C.A. § 39–6–417(a)(2). This instruction is appropriate only when a small amount of controlled substances are exchanged. In *State v. Helton*, 507 S.W.2d 117 (Tenn.1974), our Supreme Court held that an instruction on casual exchange was required when the defendant sold a small quantity of heroin for ten dollars and there was evidence that he was merely seeking a refund from the person who sold him the substance. In *State v. Harris*, 637 S.W.2d 896, 898 (Tenn. Cr.App.1982), this Court upheld the trial court's refusal to charge casual exchange on the sale of a quarter of an ounce of cocaine for $525 because this was not a "small amount". In the case at hand, the proof showed that appellant sold Dennis Hannah just under a half ounce (13 grams) of cocaine for $1,050. The trial court properly declined to give the requested instruction under these circumstances because appellant was accused of selling more than a "small amount" of controlled substances. This issue is overruled.

■ The next issue is whether the trial court committed reversible error by failing to exclude the testimony of Dennis Hannah on the ground that his name was not listed on the indictment. Hannah was indicted on the first count of the indictment, and appellant was indicted in counts two and three. Appellant moved to sever co-defendant Hannah pursuant to Tenn.R.Crim.P. 14. Although it is not clear from the record, this motion appears to have been granted. At 4:00 p.m. on the day before trial, defense counsel was informed that Hannah would be called to testify and that his name had been added to the indictment. He did not request a continuance but moved the court to exclude Hannah's testimony because he had been unable to talk to the witness. The trial court overruled this motion but did rule that defense counsel should be given an opportunity to interview

Hannah. It does not appear from this record that counsel was unable to meet with Hannah pursuant to this ruling. Hannah's name was in fact endorsed on the indictment as a witness in compliance with T.C.A. § 40–17–106. Since Hannah was indicted as a co-defendant, appellant should have been aware of the possibility that he would be called as a witness. *Taylor v. State*, 477 S.W.2d 765 (Tenn.Cr.App.1971). With no evidence that appellant was handicapped in the preparation of his defense or that the State intended by its actions to inhibit the defense, the trial court did not commit error in refusing to exclude the witness. *See Cook v. State*, 3 Tenn.Cr. App. 685, 466 S.W.2d 530 (1971). This issue is overruled.

■ Appellant next argues that the trial judge abused his discretion by asking questions of the State's forensic chemist. Defense counsel agreed to allow the chemist's report on his analysis of the controlled substances to be read into evidence. The trial court asked a number of questions which appeared to be intended to speed up the trial and clarify the testimony. Such a line of examination is not error. *State v. Hargroves*, 104 Tenn. 112, 56 S.W. 857 (1900). This issue is overruled.

■ The last issue concerns the following remarks made by the prosecutor during closing argument:

"Mr. Jones also asked you or submitted to you about prior drug sales by Mr. Hannah. Well, that cuts both ways. He wants to ask you something and he wants to argue something that may or may not be admissible. I didn't ask Mr. Hannah about any prior sales because there was maybe a question of evidentiary admissibility. And of course you know that there are certain rules of evidence which have to be followed if trying a case. And I submit to you that if I had asked him about prior sales or any prior sales that might have taken place, Mr. Jones would have objected like a mashed cat.

"MR. JONES: Your Honor, I don't mind the argument, but he's arguing totally and entirely out of the record.

"JUDGE PELLEGRIN: You're implying that there were other sales that you were not allowed to ask about because it wasn't in evidence. If you argue that, you leave the inference that there was and gets around the whole reason for having the rule. So I instruct the jury that there's no evidence of any prior sales, and you're not to consider whether or not there were any prior sales and go on to something else, please."

The record reflects that defense counsel asked Hannah, over the State's objection, about prior drug sales. Hannah replied that he had once sold marijuana. The State asked appellant whether he had previously sold drugs and he replied that he had not. With prompt curative instructions by the trial court, appellant was not prejudiced by the prosecutor's remarks. This issue is overruled. The judgment of the trial court is affirmed.

TATUM and BYERS, JJ., concur.