**STATE of Tennessee, Appellee,**

v.

**Stephen W. McALOON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 22, 1986.

William B. Vest, Hendersonville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Charles E. Bush, Asst. Atty. Gen., Nashville, Steve Garrett, Asst. Dist. Atty. Gen., Springfield, for appellee.

OPINION

DWYER, Judge.

This is an appeal on a certified question of law pursuant to Tenn.R.Crim.P. 37(b)(2). The dispositive question concerns whether the trial court erred in denying appellant's motion to suppress the evidence seized pursuant to an allegedly invalid search warrant.

The appellant entered a guilty plea to possessing marijuana, a Schedule VI controlled substance, T.C.A. § 39-6-415, for resale. Appellant received, as a Range I offender, a sentence of five years suspended upon payment of a $1,000 fine.

The issue as stated by appellant: Does Investigator Green's affidavit dated July

14, 1984, contain sufficient information to establish probable cause for the valid issuance of a search warrant?

■ The State counters by first insisting that since the warrant and affidavit were not introduced into evidence and authenticated by the trial court, the appeal should be dismissed.

In this case, the search warrant and affidavit may be found in that part of the record that was formerly referred to as the technical record, and they have been authenticated by the court clerk of Robertson County. However, as the State argues, the warrant and affidavit were neither introduced as evidence nor authenticated by the trial court. Under such circumstances, the procedure followed by appellant falls short of what is required; the search warrant is not properly before the court and it therefore cannot be reviewed. *Wiley v. State*, 552 S.W.2d 410 (Tenn.Crim.App.1977); *Carver v. State*, 570 S.W.2d 872 (Tenn. Crim.App.1978); *Jones v. Stockton*, 74 Tenn. 133 (1880). In such quarters the argument of the State is sustained. In the absence of the search warrant, this Court will presume that the evidence supports the trial court's judgment in overruling the motion to suppress. *Smith v. State*, 584 S.W.2d 811 (Tenn.Crim.App.1979).

■ Even if the search warrant and affidavit had been properly authenticated, the result would be the same. The affidavit shows that the affiant deputy sheriff was relying on information he had received from his superior, the sheriff, in stating probable cause for the issuance of the warrant. While this type of hearsay should not be encouraged, it does not void the warrant. *State v. Little*, 560 S.W.2d 403

(Tenn.1978); *State v. Starks*, 658 S.W.2d 544 (Tenn.Crim.App.1983). It must be remembered that *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and their exacting standards have been abandoned. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *State v. Hunt*, 665 S.W.2d 751 (Tenn.Crim.App. 1984). Thus, the magistrate in this case, after using a common sense evaluation, properly concluded that the officer before him under oath was reciting the truth. Further, the affidavits by appellant and his wife, stating that no one other than family members were present in the home at the time the informant allegedly saw the contraband, do not void the warrant. *See State v. Little, supra.* In the first instance, nowhere has it been shown that the officers made a false statement. In the second instance, the appellant and his wife both acknowledged under oath that someone, contrary to what their affidavits stated, other than a family member had been on the premises on the event date. In the last instance, it is obvious that the trial court did not give any verity to the affidavits.

The appeal is dismissed. The judgment of the trial court is affirmed.

TATUM and BYERS, JJ., concur.