IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## STATE OF TENNESSEE v. ALICE SMOTHERMAN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13269     Jim T. Hamilton, Judge**

---

**No. M2004-01724-CCA-R3-CD - Filed June 22, 2005**

---

The Defendant, Alice Smotherman, pled guilty to possession of a Schedule IV controlled substance for resale, a Class D felony, after the trial court denied her motion to suppress evidence seized pursuant to a search warrant. As part of the plea agreement, she reserved the right to appeal a certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(i). The certified question reserved for review was "whether or not the affidavit in the search warrant is sufficient to establish truthfulness, reliability and veracity of information that [an] unnamed third party conveyed to affiant which established probable cause for the issuance of the search warrant; and whether or not the search warrant complied with Rule 41(c) of the Tennessee Rules of Criminal Procedure." Because the record on appeal is incomplete, we must conclusively presume the ruling of the trial court was correct. Accordingly, we affirm the decision of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

J. Daniel Freemon, Lawrenceburg, Tennessee, for the appellant, Alice Smotherman.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General, T. Michel Bottoms, District Attorney General; and Douglas Dicus, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

Waynesboro police executed a search warrant for Defendant's residence and discovered a large number of pills and a large amount of cash, which served as the basis for Defendant's indictment for possession of a Schedule IV controlled substance for resale, a Class D felony. Defendant filed a motion to suppress any evidence obtained as a result of the search warrant, arguing that the affidavit in support of the search warrant was insufficient under Tennessee law because it

failed to establish probable cause. The trial court denied Defendant's motion to suppress following a suppression hearing. In its order denying Defendant's motion to suppress, the court stated:

> From the motion filed by the defendant, statements of counsel, witnesses and the entire record as a whole, . . . [t]he Court hereby finds that the search warrant is valid on its face and contains probable cause for the issuance of the warrant and the search of the defendant's premises. The Court finds that the designation of the informant in the search warrant as an "Agent" is sufficient to allow a reasonable magistrate to conclude that the information is coming from a law enforcement officer and based upon reliable information. Therefore, the defendant's motion in this matter is denied.

On appeal, Defendant argues that the warrant failed to comply with Tennessee Rule of Criminal Procedure 41(c) because the affidavit supporting the warrant failed to state the basis of the reliability of the information obtained by the informant and failed to allege facts that would show the veracity of the informant. Defendant also argues that the information provided in the affidavit supporting the warrant failed to establish probable cause to support the issuance of the warrant. The State argues that Defendant has waived the issue because the record on appeal does not contain a transcript of the suppression hearing.

The State is correct in its assertion that the record on appeal does not contain a transcript of the suppression hearing. Furthermore, we note that while copies of what purport to be the search warrant and the affidavit supporting the warrant are included in a supplemental technical record, nothing in the record indicates how either came to be in that record. Because the record does not contain a transcript of the hearing on the motion to suppress, we do not know whether the search warrant was made an exhibit during the suppression hearing. Nothing in the record before us indicates that either the warrant or affidavit have been certified by the trial court or properly received into evidence. As such, neither is properly a part of the record on appeal. In *State v. Cooper*, this Court declined to review a denial of a motion to suppress where the search warrant and the affidavit were not properly in evidence. 736 S.W.2d 125 (Tenn. Crim. App. 1987). We held:

> Unfortunately, we are unable to resolve this issue on the merits because the search warrant and the affidavit given in support of the search warrant were never introduced into evidence. However, they have been included in what was formerly referred to as the "technical record." An examination of the documents reveals no indicia that they were made an exhibit at the suppression hearing or the trial; and they have not been authenticated by the trial judge.

*Id.* at 131. This Court further held that "[t]he inclusion of a document in what has been commonly referred to as the 'technical record' will not, as a matter of law, permit this Court to consider the document when it has not been introduced as evidence or authenticated by the trial court." *Id.*; *see also State v. Melson*, 638 S.W.2d 342, 351 (Tenn. 1982); *Krause v. Taylor*, 583 S.W.2d 603, 605-606 (Tenn. 1979). Likewise, in *State v. Brewer*, this Court would not consider the merits of suppression issues raised by the defendant when a copy of the search warrant was in the technical

record and attached to the defendant's brief, but the copies had not been offered into evidence at the suppression hearing nor authenticated by the trial court. 989 S.W.2d 349, 352-53 (Tenn. Crim. App. 1997). Accordingly, the search warrant and affidavit in support of the search warrant in the case *sub judice* are not in evidence and cannot be considered on appeal.

When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. *See* Tenn. R. App. P. 24(a); *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). Where the record is incomplete and does not contain the necessary relevant material, such as a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies, this Court is precluded from considering the merits of an issue. *Ballard*, 855 S.W.2d at 560-61. Instead, we must conclusively presume that the ruling of the trial court was correct in all particulars. *Cooper*, 736 S.W.2d at 131; *see State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim; App. 1981). Without being able to review the transcript of the suppression hearing, the search warrant, or the affidavit in support of the search warrant, we are unable to consider the merits of Defendant's challenge to the validity of the search warrant, and must assume the ruling of the trial court on the issue was correct. There being no other issues to address on appeal, we affirm the judgment of the trial court.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE