Turley, J.
delivered the opinion of the court.
This is an indictment against William A. Thompson for the offence of retailing spirituous liquor to a slave. He was tried and convicted in the county of Maury, upon the testimony of one witness, who deposed that he saw the defendant sell a quart of whisky to a slave, and receive from him twelve and one half cents in payment. Defendant moved for a new trial, and based his motion upon three affidavits, viz, those of James H. Thomas, his attorney, Helen Thompson, and James Mul-holland.
James H. Thomas swears, that previous to the trial he conversed with the State’s witness in relation to the offence charged, and is well satisfied that he was informed by him, that the defendant was not present when the whisky was sold to the negro, but that it was done by a negro in defendant’s employment.
Helen Thompson swears, that defendant was at his supper, a distance from the place where the. whisky was sold, at least one hour before and one hour after the time the State’s witness specified as that at which the whisky was sold by the defendant to the negro.
*139 James Mulholland swears, that he had on several occasions heard defendant give strict orders to the waiting boy, not to sell spirits to negroes.
Defendant himself swears, that he was taken by surprise, by reason of the swearing of the State’s witness that defendant sold the whisky to the negro, and was therefore not prepared to prove his alibi by Helen Thompson, nor his ignorance that his servant had sold the whisky to the negro, contrary to his orders.
The Circuit Judge refused to grant a new trial, and a writ of error is prosecuted to this court. •
We cannot say that the Circuit Judge erred in refusing a new trial: the whole matter was more fully before him than it can possibly be before us; and he was therefore much better enabled to judge of the propriety of granting a new trial than we can be; and we therefore feel no disposition to interfere with his discretion, especially as it is a case of misdemeanor, and in this respect more nearly approaching trials-in civil, than crimi-. nal cases, and as such not entitled to so strict a scrutiny by this court as it would be if the offence charged involved life or limb, or might result in confinement in the penitentiary. But, furthermore, the defence of an alibi sought to be set up, though very conclusive, if clearly, certainly and fully established, is one so liable to abuse, from the ease with which it is concocted when a design exists to practice a fraud on the State, and even when that design does not exist, by ignorant -mistakes as to the particular hour and the lapse of time, that it requires great strictness and attention on the part of the court and jury to avoid being frequently misled by it; and the propriety of granting a new trial, where the offence has been positively proved, with a view of letting in that defence, depends so much upon attending circumstances, which can be under the view of the Circuit Judge only, that it is almost impossible for a court of error to act with safety upon it.
And again, the defendant admits that he expected the State’s witness to prove that his negro slave, attending to his liquor booth for him, sold the whisky; and yet he was not prepared to prove that it had been done without his knowledge and against his positive orders.
Note. — For the rules which govern the court in granting new trials in civil cases, see 4 Yerger, 444, 323, 152; 9 Yerger, 330; 3 Yerger, 307; Meigs, 417; England \s, 'Burt, 4 Hum. For the rules which govern in felonies, see 2 Humphreys, Baines vs. State; Kirby vs. State, 3 Humphreys.
We have held, that a sale by an agent makes the principal equally guilty as if he had sold it himself; and we cannot see but that the defendant must have been convicted, if the proof had been as he supposed it would be on the part of the State, under all the circumstances of the case.
Judgment affirmed.