Davis *v.* The State.

ALF. DAVIS *v.* THE STATE.

CRIMINAL LAW. *Alibi.* The often repeated rule in regard to alibi is a sound one, and should be given to the jury in direct and unequivocal language, especially when a prisoner is upon trial for his life. Where the proof against the prisoner is wholly circumstantial, it is important that the question of alibi should be fairly left to the jury.

FROM RUTHERFORD.

Appeal from the Criminal Court. THOS. N. FRA-ZIER, J.

BURTON & KEEBLE for Davis.

ATTORNEY GENERAL HEISKELL for the State.

MCFARLAND, J., delivered the opinion of the court.

This was a conviction for murder in the first degree and judgment of death.

We have repeatedly held that when the proof fairly raises the defense of an alibi, the jury should be instructed that if this proof, in connection with the other proof in the cause, raises a reasonable doubt as to whether the accused was at the place of the homicide or at a different place, the defendant should be acquitted. This is a sound rule, and ought to be given to the jury in direct and unequivocal language. The charge in the present case fails to do this. If such was the meaning of the Judge, his language fails to express this meaning in such direct and clear language as a prisoner is entitled to when upon trial for

his life. The whole tendency of the charge on this subject tends rather to leave the impression that the alibi should be fully and clearly made out in order to be a successful defense, and at the same time the jury were strongly cautioned against being misled by the proof as to alibi.

The proof against the prisoner was wholly circumstantial, and of such a character that it was important that the question should have been fairly left to the jury.

Upon the peculiar facts of this case, and with the charge upon the subject of alibi as we have it in the record, we are not content to affirm the judgment.

Let the judgment be reversed and a new trial granted.