Heina Leroy CHRISTIAN, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee,
at Jackson.

June 6, 1977.

Rehearing Denied July 18, 1977.

Stanley Fink, Memphis, for petitioner.

John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Alan E. Glenn, Asst. Dist. Atty. Gen., Memphis, for respondent; Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

HARBISON, Justice.

Petitioner was convicted for the armed robbery of a dry-cleaning establishment and received a penitentiary sentence of ten years.

Both in the Court of Criminal Appeals and in this Court error was assigned on his behalf attacking the sufficiency of the evidence. He was positively identified by the victim of the crime, however, from photographs shown to her shortly after the incident, at a pre-trial line-up and in court. There was ample evidence offered on behalf of the State, if accepted by the jury, to sustain the conviction.

Petitioner denied the commission of the offense and contended that he was confined to his grandmother's home with influenza on the date when the offense occurred and for several days prior and subsequent thereto. His mother, grandmother and a family friend all testified in support of this contention.

The trial judge gave a special instruction to the jury on the subject of alibi, which was presented and supported by competent evidence. Although the rule is dif-

ferent in a number, perhaps the majority, of other states, Tennessee cases have held that when the issue of alibi is clearly raised, supported by credible evidence, the trial judge is required to give an instruction thereon, whether requested or not. *Poe v. State,* 212 Tenn. 413, 370 S.W.2d 488 (1963); *Taylor v. State,* 2 Tenn.Cr.App. 459, 455 S.W.2d 168 (1970). In the recent case of *Manning v. State,* Tenn., 500 S.W.2d 913 (1973), the mandatory duty of the trial judge to instruct on the issue was recognized, although under the circumstances of that case the omission of the instructions was held to be harmless error, not requiring reversal.

In the present case the instruction given by the trial judge was a standard one, apparently long in use in Shelby County. It was identical to the charge approved by the Court of Criminal Appeals in the case of *Rogers v. State,* 2 Tenn.Cr.App. 491, 503–508, 455 S.W.2d 182 (1970), and contained the following sentence which was expressly upheld by this Court in *Bolin v. State,* 219 Tenn. 4, 15, 405 S.W.2d 768, 773 (1966):

"The law says that the defense of alibi should be received by the jury discreetly and cautiously because it is a defense that can be easily manufactured or fabricated."

Petitioner excepted to this portion of the instruction in his post-trial motion. His principal assignment of error in the Court of Criminal Appeals and in this Court is that the foregoing language represents a disparagement of alibi evidence, and constitutes an improper comment thereon, in contravention of Article VI, Section 9 of the Tennessee Constitution, which prohibits comment on the evidence by the trial judge.

This contention was rejected in the *Bolin* case, *supra.* However, both in its majority opinion and in a concurring opinion, the Court of Criminal Appeals in the instant case requested this Court to reconsider the matter and to determine whether the questioned language does not indeed represent a comment prejudicial to the accused upon evidence which often, as in the present case, may comprise the principal basis of the defense.

The overwhelming weight of authority in other states where trial judges are prohibited from making comments upon the evidence is that disparaging comments or references to the issue of alibi are erroneous. *See State v. Rosenbaum,* 22 Utah 2d 159, 449 P.2d 999 (1969); *People v. McCoy,* 392 Mich. 231, 220 N.W.2d 456 (1974); 2 Underhill, *Criminal Evidence,* § 445 (5th ed. 1956); 75 Am.Jur.2d, *Trial* §§ 732–733; Annot., 146 A.L.R. 1377 (1943).

Although in a great many Tennessee cases statements are to be found disparaging alibi evidence upon the ground that it is easily manufactured or fabricated, a number of them did not specifically involve jury instructions. Rather, this was simply part of the rationale of the appellate court in determining the sufficiency of the convicting evidence, and in determining preponderance of the evidence upon the record. Typical of such cases are *Smith v. State,* 205 Tenn. 502, 522, 327 S.W.2d 308, 317 (1959) ("We have very carefully read all of this alibi evidence herein and clearly feel that it does not preponderate against the finding of the jury herein."); *Bright v. State,* 191 Tenn. 249, 255, 232 S.W.2d 53 (1950); *Cole v. State,* 187 Tenn. 459, 462, 215 S.W.2d 824 (1948); *Warren v. State,* 178 Tenn. 157, 160, 156 S.W.2d 416 (1941); *Thompson v. State,* 24 Tenn. 138 (1844).

On the other hand, several reported decisions have dealt with the nature and type of instructions to be given by the trial judge to the jury when an alibi issue has been properly raised. In the early case of *Chappel v. State,* 47 Tenn. 92, 94 (1869), the following language was held to be reversible error:

"[T]hat when the defense of an *alibi* is set up, the jury should look with the greatest degree of strictness, and bear in mind that the proof necessary to establish the *alibi* must be proven with as much certainty as the State would have to establish the guilt of the accused."

The Court held that this language had improperly cast upon the accused the burden of establishing an alibi beyond a reasonable doubt. Also held to be erroneous was language to the effect that irreconcilable differences among the alibi witnesses de-

stroyed their credibility. The Court did, however, approve, although it did not quote, instructions that the jury should receive proof of an alibi "with great strictness and attention, to avoid being frequently misled by it . . . ." 47 Tenn. at 95.

In the case of *Davis v. State*, 64 Tenn. 612 (1875), a charge was disapproved which left the impression that an alibi "should be fully and clearly made out in order to be a successful defense . . . ." In reversing the Court said:

> "We have repeatedly held that when the proof fairly raises the defense of an alibi, the jury should be instructed that [if] this proof, in connection with the other proof in the cause, raises a reasonable doubt as to whether the accused was at the place of the homicide or at a different place, the defendant should be acquitted. This is a sound rule, and ought to be given to the jury in direct and unequivocal language." 64 Tenn. at 612.

Likewise in *Wiley v. State*, 64 Tenn. 662 (1875), a reversal was granted because of failure of the trial judge to charge that an acquittal should follow if proof of alibi raised a reasonable doubt of guilt.

In *Ford v. State*, 101 Tenn. 454, 47 S.W. 703 (1898), it was held erroneous to instruct that failure of the defendant to establish an alibi was "a circumstance against him", and error was also found in an instruction that proof of an alibi should cover the whole time of the transaction in question.

In *Legere v. State*, 111 Tenn. 368, 77 S.W. 1059 (1903), a jury instruction on alibi was reversed because it was held to be indistinct and not to conform to previous cases. Expressly approved in that case was an instruction which had been earlier approved in the case of *Jefferson v. State*, 3 Shannon's Cas. 329, 330 (1875), to the effect that the defendant was entitled to an acquittal if proof on alibi in connection with other proof in the case raised a reasonable doubt as to the presence of the accused at the place of the homicide. In the *Jefferson* case, however, the Court did approve disparaging language in the alibi instructions, and stated that it was "eminently proper"

that juries be put on guard and "instructed to scrutinize the evidence to make out such defense with close attention."

In the *Jefferson* case, however, the Court stated:

> "Of course, this caution should be accompanied, as it was in this case, with the qualification that when such defense is clearly and fully made out, it is very conclusive." 3 Shannon at 334–335.

No such qualification accompanied the instructions in the instant case, nor did it, insofar as the opinion reflects, in *Bolin v. State*, 219 Tenn. 4, 15, 405 S.W.2d 768 (1966).

Probably the leading case in Tennessee dealing with the subject of jury instructions on an alibi issue is *Odeneal v. State*, 128 Tenn. 60, 157 S.W. 419 (1913). In that case language disparaging the defense was approved, subject, however, to the qualification stated in the *Jefferson* case, *supra*. In the *Odeneal* case the Court went further and said:

> "It is better not to treat the alibi as a defense at all, but simply as a point of evidence, on which the jury shall consider whether a reasonable doubt is raised in their minds as to the guilt of the accused." 128 Tenn. at 66, 157 S.W. at 420.

■ We are convinced that this sentence states the preferable treatment of the issue and that trial courts in their jury instructions should not disparage alibi evidence or instruct the jury to treat it differently from evidence offered upon other issues.

■ In the majority opinion, the Court of Criminal Appeals referred to trial practices which have developed in cases involving alibi, in which the attorney general, during final argument, invites the attention of the jury to the instructions of the trial judge concerning the subject of alibi. Under the rule which we now approve, the trial judge will no longer instruct the jury as to any special method of weighing or receiving alibi evidence, but he will still instruct the jury generally on an alibi. He will also give instructions upon the credibility of witnesses and the weighing of testimony. Under such instructions it would not be improper for the attorney general to

comment upon the ease with which an alibi defense may be manufactured, or upon the credibility of witnesses. Indeed, it is legitimate advocacy and an appropriate function of the final summation to point out strengths and weaknesses in the evidence and the role of the jury in reference thereto. We do not consider that the ruling which we make in this case will have any significant effect upon final arguments, except with respect to the specific instruction which we now disapprove. We regard the credibility of alibi witnesses to be a more appropriate subject for argument of counsel than for special comment by the court in jury instructions.

While we recognize that instructions disparaging alibi evidence have long been received in this state and have become almost a standard part of instructions given by many trial judges, it is difficult to escape the conclusion, reached by courts in the vast majority of states, that such instructions do indeed amount to judicial comment upon the evidence offered by the accused with reference to a particular contention advanced in his defense.

■ It is clear from an examination of all of the Tennessee cases that an alibi is not to be regarded as an affirmative defense, or indeed as a separate defense at all, but simply as a type of evidence offered in behalf of an accused. It should be considered along with all other evidence and weighed under the same general rules as other evidence.

■ We find that the instructions given by the trial judge, other than the one sentence directing receipt of the evidence discreetly and cautiously, conform to the reported cases on the subject. They do not contain the "qualification" referred to in *Jefferson v. State, supra,* but that clause would not be appropriate if the disparaging language is omitted. Deleting the one sentence in question, and a conjunction rendered unnecessary by the deletion, the instruction reads as follows:

"The word alibi means elsewhere, and where the proof in the case fairly raises the defense of an alibi and there is a reasonable doubt from the whole body of

the proof as to the presence of the defendant at the time, near the place where the crime was committed, then the defendant would be entitled to a verdict of not guilty. If the proof of an alibi in this case, taken in connection with all the other proof, raises a reasonable doubt in your minds as to whether or not the defendant was present and committed the crime charged, then you should acquit the defendant. It is for the jury to say whether the defendant was or was not present when the alleged offense was committed, and whether he did or did not commit the same, and this you must fairly and impartially determine from the whole body of the proof."

We believe that the foregoing language appropriately covers this subject and should be given in cases where the issue is fairly raised by the proof and where an alibi would exonerate the defendant; that is, in cases where his personal presence and participation are essential to conviction.

The Court is advised that a committee on pattern jury instructions in this state has also considered the subject of alibi, and we approve the following proposed pattern charge, after deleting all disparaging language:

"An alibi is defined as evidence which if believed would establish that the defendant was not present at the scene of the alleged crime when it allegedly occurred. If the defendant was not present when the crime was committed, he cannot be guilty.

"The burden is on the state to prove beyond a reasonable doubt that the defendant was at the scene of the crime when it was committed. If you find from your consideration of all the evidence that the state has failed to prove beyond a reasonable doubt that the defendant was at the scene of the crime when it was committed, you must find the defendant not guilty."

■ Although we have concluded that the charge as given in the instant case, containing a sentence disparaging the alibi evidence, is to that extent erroneous and that instructions as to alibis in future trials

should not contain such disparaging terms, we do not believe that the instruction given in the present case affected the results of the trial or warrants a reversal of the conviction under the evidence. The ruling which we have made in the present case will be prospective in operation and applicable to cases tried after the release of this opinion.

The judgment of the Court of Appeals is affirmed at the cost of petitioner.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.

### ORDER

Petitioner has filed a petition for rehearing. After consideration of the same, the Court is of the opinion that said petition is not well taken and it is accordingly overruled at the cost of the petitioner.