Earl T. HICKS, Jr., Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

May 23, 1978.

Certiorari Denied by Supreme Court Sept. 25, 1978.

Robert M. Garfinkle, Nashville, Arthur E. McClellan, Gallatin, for appellant.

Brooks McLemore, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, O'Brien Price, Dist. Atty. Gen., Springfield, Robert G. Ingrum, Asst. Dist. Atty. Gen., Gallatin, for appellee.

## OPINION

BYERS, Judge.

The Appellant was convicted of armed robbery and sentenced to serve twenty (20) years in the penitentiary.

The Appellant says the evidence does not support the verdict because there was no corroboration of the testimony of two accomplices who testified against him, that evidence of prior crimes were improperly introduced into evidence, that the introduction of rubber gloves found near the scene was error because the police had not revealed they had found these gloves, that he should have been granted a new trial on the basis of newly discovered evidence, and further claims the charge given on the defense of alibi was erroneous.

The undisputed evidence shows that on September 25, 1977, at approximately 10:30 p. m., two young men, later identified as Danny Pratt and Gary Comer, entered Super Stop Market on Long Hollow Road in Sumner County, and by use of pistols took from three to four hundred dollars of the money belonging to the owner of the store. They also took a wallet containing five dollars ($5.00) from a customer. In addition to the money, the robbers took a cigar box containing receipts and other papers connected with the business.

At the trial of this case, Danny Pratt and Susan Comer, whose testimony showed she participated in this crime, were called as State's witnesses. In substance, they testified that the Appellant procured them and Gary Comer to commit this crime. They related that he bought a pair of rubber gloves to be used by the robber in the commission of this crime, that he furnished two guns, one for each of the young men to use, that he drove them to the store which was robbed, that he drove them away from the scene after the crime and took part of the money. A pair of gloves were found near the scene of the crime by investigating officers. These were found along with the cigar box which had been taken from the store and had been discarded. A State's witness testified that the Appellant, in the company of a young woman, had been in a store where she worked just prior to this crime, that the young woman selected a pair of gloves similar to the ones found near the scene of the crime and that the Appellant had paid the purchase price thereof. The State also offered the testimony of a young man that on the day prior to the crime the Appellant asked him to assist in the commission of an armed robbery which he was planning.

The Appellant testified that he had nothing to do with the crime, that he was with a woman friend at the time of the crime, that he saw Gary Comer standing in the bushes near the scene of the robbery as he and this woman drove along the roadway. The woman testified substantially the same as the Appellant.

The assignments complaining of the insufficiency of the evidence hinge upon the complaints concerning the introduction of certain evidence in this case and we will therefore treat those assignments prior to the weight of the evidence complaint.

The Appellant bases his claim of the inadmissibility of the gloves on an occurrence during the preliminary hearing. In the course of that proceeding, the Appellant's attorney asked the investigating officer if he had found any physical evidence at the scene of the crime. The officer revealed what items he had found, with the exception of the gloves.

The Appellant insists that this amounts to a suppression of evidence which interfered with the formulation of a defense within the meaning of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

The State, on the other hand, asserts that the officer did not intentionally withhold this information and therefore did not create a violation of the *Brady* rule. In addition, the State takes the position that the failure of the Appellant to make a motion for discovery under T.C.A. § 40–2044 and § 40–2441 precludes the granting of relief on the basis claimed by the Appellant.

■ We agree with the State that a pretrial discovery motion should have been filed and in the context of the evidence in this case we think it was a prerequisite for a claim of error on appeal. However, we are not prone to agree with the explanation given by the officer for not revealing the discovery of the gloves during his testimony at the preliminary hearing.

The officer testified, at the trial of this case, that he did not know the gloves were connected to the Appellant. However, the gloves were found along with some of the property which had been taken from the store. The Appellant was charged with committing that crime. It must necessarily follow that the officer would recognize the likelihood that any physical evidence found at the scene of the crime might be relevant on the issue of the accused's guilt. We think that the usual course would be to reveal this type of information, when asked about it in a judicial hearing, rather than not disclosing the same on the supposition that it might not be connected to the accused. The failure to do so might well bar the use of essential evidence to show the commission of a crime.

■ The Appellant's contention that proof of a prior crime was admitted against him is based on the testimony given by a witness named Tommy Vetetoe.

· Vetetoe testified that on the day prior to the crime in this case, the Appellant asked him to aid in the carrying out of an armed robbery.

The Appellant insists that this evidence should be excluded because it tends to show the accused guilty of another and unrelated offense than the one on which he was being tried and that this evidence did not show identity, plan, intent or any other relevant factors to qualify it for admission. *McLean v. State,* 527 S.W.2d 76 (Tenn.1975). The State, on the other hand, says it does qualify for admission because it shows motive, intent, absence of mistake, scheme or plan. *Carroll v. State,* 212 Tenn. 464, 370 S.W.2d 523 (1963).

We do not glean from this record that the testimony complained of showed the commission of another offense making it admissible or inadmissible for either reason claimed. Rather, we are of the opinion that this evidence was admissible as evidence of the Appellant's preparation for and participation in the offense hereunder inquiry, and also qualifies for admission as part of the res gestae. *Caruthers v. State,* 219 Tenn. 21, 406 S.W.2d 159 (1966).

■ We are of the opinion that the testimony concerning the purchase of the gloves similar to the ones found at the scene of the crime and the testimony that the Appellant asked Vetetoe to aid in an armed robbery corroborated the accomplices' testimony sufficiently to support the verdict of the jury.

Two of the participants in this offense related the Appellant's connection therewith. Two witnesses, who were not accomplices, gave testimony which gave credence to their testimony. This testimony was separate and apart from the testimony of the accomplices' and tended to show the Appellant's complicity in the commission of the

852

crime. This is sufficient corroboration. *Boulton v. State,* 214 Tenn. 94, 377 S.W.2d 936 (1964); *Prince v. State,* 529 S.W.2d 729 (Tenn.Crim.App.1975). In addition to this, the Appellant's explanation of how he came to be in the vicinity of the crime is not convincing. This is rendered even less believable because two nights prior to this crime the Appellant appeared in an area at White House, Tennessee, when Comer and Pratt were being questioned by police officers. On that occasion the Appellant drove the two men home after the officers released them.

■ The Appellant claims a new trial should have been granted because of newly discovered evidence. He supports this by an affidavit of the payroll clerk of the employer of the woman who said the Appellant was in the store in which she was employed and that he purchased rubber gloves therefrom. The witness testified that this occurred at approximately 7:30 p. m. The affidavit of the payroll clerk asserts that the records of the employer show this witness did not work after 1:30 p. m. on September 25, 1977, the date she said the gloves were purchased.

We see no error in the refusal of the trial judge to grant a new trial on this affidavit.

The alleged new evidence would tend to impeach the testimony of the witness concerning the purchase of the gloves. This does not entitle the Appellant to a new trial. *Clarke v. State,* 218 Tenn. 259, 402 S.W.2d 863 (1966); *Freshwater v. State,* 2 Tenn.Crim.App. 314, 453 S.W.2d 446 (1969).

More significantly, the alleged new evidence is contained only in the affidavit which is attached to the motion for a new trial and contained in the technical record. The evidence to support this complaint must be preserved in a Bill of Exceptions. *Baldwin v. State,* 204 Tenn. 639, 325 S.W.2d 244 (1965).

A motion for a new trial is only a pleading. An affidavit, such as the one in this case, is merely an exhibit to such motion. To show the existence of this evidence, proof must be offered by the moving party.

To grant relief on affidavits only would deny the opposing party an opportunity to test the accuracy or veracity of the information contained therein by confrontation or by evidence contrary to this assertion. The trial judge properly denied the motion for a new trial on this ground.

■ The Appellant complains further that the trial judge erred in giving the jury a charge on alibi that did not conform to the requirement of *Christian v. State,* 555 S.W.2d 863 (Tenn.1977).

This case was tried prior to the release of the *Christian* opinion. At the time of this trial the instructions on alibi given by the trial judge was proper. The *Christian* case specifically directed that the rule therein was to be applied prospectively only. Therefore, the Appellant may not rely upon the *Christian* rule as a ground for relief.

The judgment of the trial court is affirmed.

SAM LEWIS and GERALD L. EWELL, Sr., Special Judges, concur.