STATE of Tennessee, Appellee,

v.

Homer D. BAKER, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 11, 1981.

Permission to Appeal Denied by Supreme Court Oct. 13, 1981.

John Douglas Godbee, Knoxville, for appellant.

William M. Leech, Jr., State Atty. Gen., William W. Hunt, III, Asst. State Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., Richard B. McConnell and Charles Fels, Asst. Dist. Attys. Gen., Knoxville, for appellee.

## OPINION

BYERS, Judge.

The defendant was convicted of burglary in the second degree and sentenced to serve not less than three (3) years nor more than six (6) years in the penitentiary.

The defendant says the trial court should have suppressed the lineup identification because of lack of counsel thereat and lack of waiver thereof, and says a new trial should have been granted on the basis of newly discovered evidence.

The judgment is affirmed.

The circumstances surrounding the lineup in which the defendant was identified did not require the appointment of counsel or waiver thereof to avoid infringement of the defendant's constitutional rights.

On June 7, 1980, police officers went to the defendant's home in search of the defendant's brother for investigation of burglary. The defendant, on his own initiative, went to the police station with his brother, who had driven there at the request of the police. After some elapse of time, during which no investigation involving the de-

fendant took place, an officer informed the defendant he could leave. Approximately fifteen minutes after this, an officer called the defendant at his home and asked him to return to the police station. The defendant did so, and the lineup was conducted. On June 8, 1980, an arrest warrant was issued for the defendant.[1]

■ The right to counsel does not attach until the police activity moves from an investigation stage into "adversary judicial proceedings." *State v. Mitchell*, 593 S.W.2d 280 (Tenn.1980). Adversary judicial proceedings come with the issuing of an arrest warrant, a preliminary hearing, an indictment or presentment. *State v. Mitchell, supra; Moore v. Illinois*, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977).

■ Clearly, the matter in this case was purely investigatory at the time of the lineup. Therefore, the right to counsel had not attached.

■ The newly discovered evidence, upon which the defendant seeks a new trial, is the post-trial discovery of a conviction for sale of marihuana had, prior to the trial, against one of the State's witnesses.

The defendant claims this should be granted because a pretrial discovery motion demanded the revelation of any convictions of the witnesses who were to be offered by the State. We know of no authority under the Tennessee Rules of Criminal Procedure or in the decisional law of this state which requires such revelation by the State. There is no showing the defendant, prior to trial, made any independent effort to secure this information.

As the trial judge pointed out, the name of the witness was known to the defendant, the index to the minutes of the court reflected the name, and the matter could have been located as easily by the defendant as by the State. Neither the discovery demand for this information nor T.C.A. § 40–2109(c)(3) establishes a predicate upon which to grant the relief sought.

Furthermore, this witness was not the sole witness to this crime. The evidence of the defendant's guilt is established without the testimony of the witness. Moreover, when the alleged newly discovered evidence would only go to the credibility of a witness, a new trial based thereon is not warranted. *Hicks v. State*, 571 S.W.2d 849 (Tenn.Cr.App.1978).

DUNCAN and CORNELIUS, JJ., concur.

---

1. The defendant did not leave the custody of the police after the lineup and prior to the issuing of the arrest warrant.