# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

SEPTEMBER SESSION, 1999



FILED

October 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JOHNNY MOFFITT, | * | |
| | * | No. 02C01-9904-CC-00142 |
| Appellant, | * | |
| | * | HENDERSON COUNTY |
| vs. | * | |
| | * | Hon. Julian P. Guinn, Judge |
| STATE OF TENNESSEE, | * | |
| | * | (Post-Conviction) |
| Appellee. | * | |

For the Appellant:

**Lloyd R. Tatum**
Tatum & Weinman
124 E. Main Street
P. O. Box 293
Henderson, TN 38340

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**J. Ross Dyer**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**James G. (Jerry) Woodall**
District Attorney General

**Al Earls**
Asst. District Attorney General
Lowell Thomas State Office Building
Jackson, TN 38302-2825

OPINION FILED: _____

REVERSED AND REMANDED

**David G. Hayes,** Judge

## OPINION

This appeal presents the post-conviction claim of ineffective assistance of counsel. In 1989, a Henderson County jury found the appellant, Johnny Moffitt, guilty of first degree murder and shooting into a dwelling.[1] His convictions and sentences were affirmed by this court on direct appeal.[2] In 1993, the appellant filed the instant post-conviction petition alleging that "the failure of the trial court to instruct on the defense of alibi constituted a denial of federal and state due process and was the result of ineffective assistance of counsel." The post-conviction court denied relief.[3] On appeal, a panel of this court found trial counsel's performance deficient and remanded to the post-conviction court for a determination of prejudice.[4] On remand, the post-conviction court found no prejudice. This appeal presents the limited issue of whether the appellant was prejudiced by trial counsel's deficient performance.

After review, we find prejudice. The appellant's convictions and sentences are reversed and vacated and this case is remanded to the trial court for a new trial.

## Factual Background

---

[1]The appellant was sentenced to life plus five years for first degree murder and six years for shooting into an occupied dwelling.

[2]See State v. Johnny Moffitt, No. 7 (Tenn. Crim. App. at Jackson, Dec. 5, 1990), perm. to appeal denied, (Tenn. Mar. 4, 1991).

[3]Specifically, the post-conviction court dismissed the petition finding that the grounds asserted by the appellant had been waived because he failed to include the grounds in a prior suit for a *writ of habeas corpus* in the United States District Court for the Western District of Tennessee, which was filed on April 11, 1991. Additionally, the post-conviction court determined that, if the petition was considered on its merits, the appellant would not be entitled to relief.

[4]The previous panel of this court found that "the record establishes that the [appellant] was denied his constitutional right to the effective assistance of counsel by counsel's statement [that] an alibi defense had not been fairly raised by the evidence." See Johnny Moffitt v. State, No. 02C01-9609-CC-00304 (Tenn. Crim. App. at Jackson, Sept. 23, 1997), perm. to appeal denied, (Tenn. Sept. 14, 1998).

2

The evidence presented by the State during the appellant's trial was entirely circumstantial. See Johnny Moffitt v. State, No. 02C01-9609-CC-00304. During the State's case-in-chief, the proof linking the appellant to the death of his ex-wife's brother consisted of (1) the appellant's previous threats to kill the victim; (2) a history of discord between the appellant and his former wife and her family; (3) two empty shell casings found on the appellant's property were determined by experts to have been fired from the same weapon as shell casings found at the crime scene; (4) the testimony of the victim's neighbor, Ruth Rhodes, that she had observed a maroon vehicle at the victim's residence on the date of the murder and evidence that the appellant owned a maroon vehicle; and (5) the victim was killed as a result of gunshot wounds fired from a 9mm weapon and the appellant owned a 9mm weapon. See Johnny Moffitt v. State, No. 02C01-9609-CC-00304; State v. Johnny Moffitt, No. 7 (Tenn. Crim. App. at Jackson, Dec. 5, 1990), perm. to appeal denied, (Tenn. Mar. 4, 1991). Notwithstanding this proof, the State also presented testimony which revealed (1) Ruth Rhodes testified that she had known the appellant his entire life and that the man driving the maroon car was not the appellant; and (2) expert testimony revealed that the appellant's 9mm weapon was not the weapon that fired the twelve shell casings found at the crime scene. More importantly, as noted by this court in its initial post-conviction review relative to the issue of alibi:

> [a] state's witness, Richard Baxter gave evidence which would support a defense of alibi.[5] Baxter testified that he was with the [appellant] from 6:45 a.m. until 'around lunchtime' on the date of the murder. He claimed he went to the [appellant's] residence where he and the [appellant] ate breakfast, talked, and drank alcoholic beverages before parting company at approximately 1:00 p.m. Baxter subsequently had a confrontation with John Threadgill, who was operating a backhoe. The backhoe was blocking the roadway. Threadgill and Baxter had a heated argument regarding the location of the backhoe. This argument led to a fight. Threadgill estimated the confrontation and subsequent fight occurred between 1:00 pm and 2:00 p.m.
>
> The medical examiner testified as a prosecution witness. He opined

---

[5]Prior to trial, defense counsel responded to the State's request to be advised of the appellant's intention to use the defense of alibi. Specifically, the appellant's notice, pursuant to Tenn. R. Crim. P. 12.1, provided that the defense would call Richard Baxter in establishing an alibi defense.

the victim died between 11:00 a.m. and 1:00 p.m. He related the death could not have occurred after 1:00 p.m.

Johnny Moffitt v. State, No. 02C01-9609-CC-00304 (emphasis added). The proof also revealed that the wounds resulting in death were inflicted up to thirty minutes prior to the victim's death. Additionally, Mr. Rhodes testified that he heard gunshots between 11:30 and 12:30 on the date of the homicide. The proof established that the driving time from the appellant's residence to the crime scene (the victim's residence) is approximately thirteen to fourteen minutes.

> At the conclusion of closing arguments,
>
> [t]he trial court was prepared to instruct the jury on the defense of alibi. The State of Tennessee objected to this instruction being included in the charge. The assistant district attorney general argued the defense of alibi had [not been presented by the appellant]. Defense counsel agreed the alibi defense had not [been presented.] The trial court agreed with counsel. The court did not instruct the jury on the defense of alibi.

Johnny Moffitt v. State, No. 02C01-9609-CC-00304. Specifically, the trial court instructed the jury

> Ladies and gentlemen, I made some mention of alibi. That is not being claimed as a defense in this case and you are not to consider an alibi.[6]

Upon remand, the post-conviction court found that the appellant was not prejudiced by counsel's deficient performance in acquiescing in the trial court's decision not to instruct the jury on the defense of alibi.[7] In its findings, the court observed that only one out of a total of twenty-three witnesses testified in any manner that could be construed as establishing the defendant's presence at any particular place at any particular time. Indeed, the court stated:

> [t]here was insignificant evidence, if indeed any evidence, of the

---

[6]Although we need not reach this matter, we acknowledge concern over the trial court's comments, "you are not to consider an alibi." The court's comments come perilously close, if not crossing the line, to unconstitutional comments upon the evidence. See Tenn. Const. art VI, § 9. Additionally, there is concern that the trial court's comments to the jury and its determination not to provide an instruction on alibi unconstitutionally abridged the appellant's right to present a defense. Cf. State v. Brian J. Hunter, No. 02C01-9708-CR-00309 (Tenn. Crim. App. at Jackson, Aug. 14, 1998) (Hayes, J., dissenting).

[7]The proceedings involved different judges at the trial and post-conviction levels.

4

defendant's whereabouts at times and places vis-a-vis distances that would have allowed one to establish either his presence or absence at the scene. A charge on alibi would have served no purpose other than to point out the absence of such evidence and to obfuscate the defense based upon the weakness of the State's circumstantial evidence.

On appeal, we are bound by the post-conviction court's findings of facts unless we conclude that the evidence in the record preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App.), perm. to appeal denied, (Tenn.1990). The findings of the post-conviction court are directly opposed to this court's findings that the proof sufficiently raised the issue of alibi. Moreover, the lower court's recitation of the proof is not supported by the record. Thus, we are not bound by these findings.

## Ineffective Assistance of Counsel

The Sixth Amendment right to counsel requires not only that a person accused of a crime have the assistance of counsel for his or her defense, but also that such assistance be effective. Effective assistance is not flawless, perfect, or error free assistance, nor assistance which in hindsight is deemed ineffective, but is, rather, competent representation, that is, representation that is within the range of competence demanded of attorneys in criminal cases generally. In essence, effective assistance of counsel is not equivalent to a successful defense of the accused.

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn.1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). The appellant has the burden to prove, by a preponderance of the evidence,[8] that (1) the attorney's performance was

---

[8] In post-conviction proceedings filed prior to the enactment of the 1995 Post-Conviction Procedure Act, the appellant must prove the allegations contained in his petition by a preponderance of the evidence. State v. Kerley, 820 S.W.2d 753, 755 (Tenn. Crim. App.), perm. to appeal denied, (Tenn.1991); Oliphant v. State, 806 S.W.2d 215, 218 (Tenn. Crim. App.), perm. to appeal denied, (Tenn.1991).

deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn.1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn.1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn.1990).

Again, a previous panel of this court has already determined that counsel's acquiescence in the trial court's decision to withhold from the jury the instruction on the defense of alibi and counsel's subsequent failure to raise this issue on direct appeal amounted to deficient performance. In doing so, this court concluded that the evidence of State's witness Richard Baxter "would support a defense of alibi." See Johnny Moffitt v. State, No. 02C01-9609-CC-00304. The first prong of Strickland has been satisfied. Thus, the sole issue before this court is whether the post-conviction court erred by finding that the appellant was not prejudiced by counsel's deficient performance.

## The Prejudice Prong of Strickland

The demonstration of prejudice to the defense necessary for success on a claim of ineffective assistance of counsel requires a showing that the deficient performance of counsel deprived the defendant of a fair trial, a trial whose result is reliable. See Tidwell v. State, 922 S.W.2d 497, 502 (Tenn. 1996) (citation omitted). The essence of the claim is that counsel's unprofessional error rendered the result of the trial suspect or unreliable. See Porterfield v. State, 897 S.W.2d 672, 677 (Tenn. 1995). Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1993). In other words, absent some effect of counsel's deficient performance upon the reliability of the trial process, the Sixth Amendment right to assistance of counsel is generally not violated.

6

We note that to focus on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or reliable, is misguided. See Lockhart v. Fretwell, 506 U.S. at 369, 113 S.Ct. at 842. Indeed, although the "premise of our adversary system of criminal justice . . . promote[s] the ultimate objective that the guilty be convicted and the innocent go free," the right to effective assistance of counsel is not conditioned upon actual innocence. Kimmelman v. Morris, 477 U.S. 365, 379-380, 106 S.Ct. 2574, 2585 (1986) (internal citations omitted). As stated by the Supreme Court in Strickland v. Washington, "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding." Strickland v. Washington, 466 U.S. at 691-692, 104 S.Ct. 2052, 2066-2067. Indeed, in order to succeed in showing that counsel's deficient performance resulted in prejudice, the defendant must show that the deficient performance actually had an adverse effect on the defense.

In making a determination of prejudice, the reviewing court presumes, that the jury acted according to the law. See generally Lockhart v. Fretwell, 506 U.S. at 370, 113 S.Ct. at 843. Additionally, an assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, nullification and the like. Strickland v. Washington, 466 U.S. at 695, 104 S.Ct. at 2068. The assessment of prejudice should proceed on the presumption that the decision maker is reasonably, conscientiously, and impartially applying the standards that govern the decision. Id. at 695, 104 S.Ct. at 2068. It should not depend on the idiosyncracies of the particular decision maker, such as unusual propensities toward harshness or leniency. Id. at 695, 104 S.Ct. at 2068. We must also consider the totality of the evidence before the judge or the jury as some of the factual findings will have been unaffected by the errors and factual findings that were affected will have been affected in different ways. Id. at 695, 104 S.Ct. at 2069. Some errors will have had a pervasive effect on the inferences to be drawn

from the evidence, altering the entire evidentiary picture and some will have had an isolated trivial effect. Id. at 695-696, 104 S.Ct. at 2069. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Id. at 696, 104 S.Ct. at 2069. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors. Id. at 696, 104 S.Ct. at 2069.

Thus, we turn to the determinative question of whether there is a reasonable probability that, absent trial counsel's errors relating to the proof of alibi, the fact finder would have had a reasonable doubt respecting the appellant's guilt. Where the proof fairly raises the issue of alibi, and the proof is supported by credible evidence, the trial court is required to give the instruction of alibi whether requested or not. Christian v. State, 555 S.W.2d 863, 864 (Tenn. 1977); Manning v. State, 500 S.W.2d 913 (Tenn. 1973). Indeed, the failure to so instruct the jury is reversible error. Poe v. State, 370 S.W.2d 488, 490- 491 (Tenn. 1963). A previous panel of this court has already determined that the proof in the record fairly raised the issue of alibi. See Johnny Moffitt v. State, No. 02C01-9609-CC-00304. We agree that the issue was fairly raised by the proof and it was for the jury to evaluate the credibility of the witnesses and decide this factual issue. In order to properly perform its duty of applying the law to the facts, the jury must be instructed on the law applicable to all factual issues raised by the proof, including the defense of alibi. Thus, the appellant was entitled to an instruction on alibi to aid the jury in properly evaluating the proof. Moreover, our supreme court has held that, when an alibi is supported by the proof, the instruction is fundamental to the defense and essential to a fair trial. Poe, 370 S.W.2d at 491.

8

Although the defense did not introduce any proof of alibi and trial counsel did not specifically argue an "alibi defense," the record reflects that counsel's closing argument focused upon the State's failure to meet its burden of proof and the discrepancies in the time frame of the crimes. Specifically, defense counsel consistently reminded the jury that "the puzzle won't fit," "the time factor here won't fit." In doing so, counsel made references to the testimony of Ruth Rhodes, Dr. Ramer, and, most importantly, Richard Baxter. It cannot be ignored that the appellant's defense relied primarily upon the "time factor," or, in other words, an alibi defense. Again, by failing to pursue an instruction on this matter, trial counsel essentially nullified his closing argument.

Considering the proof before the jury in the context of the absent alibi instruction, we can reach no other conclusion than finding that the appellant was prejudiced by counsel's deficient performance. In the present case, the jury was precluded from considering the alibi evidence. We cannot conclude that the result of the appellant's trial was reliable or that had an alibi instruction been provided the outcome would not have been different. Accordingly, the appellant's conviction

must be reversed and a new trial ordered. This case is remanded to the trial court for proceedings consistent with this opinion.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOE G. RILEY, Judge


_____
THOMAS T. WOODALL, Judge